**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1612
_____

MICHAEL ROBINSON,
 Appellant

v.

CITY OF SHAMOKIN, PA; NORTHUMBERLAND COUNTY; ANTHONY MATULEWICZ, Northumberland County, D.A.; DEGG STARK; LAURA JAMES

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-22-cv-00045)
District Judge: Honorable Jennifer P. Wilson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 18, 2023

Before: SHWARTZ, BIBAS, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed August 3, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Michael Robinson alleges that his political opponents conspired to have him imprisoned in order to thwart his campaign for county commissioner, violating his constitutional rights. The District Court dismissed his complaint for failure to state a claim, and Robinson now appeals. We will affirm.

I.

In 2019, Robinson announced his candidacy for Northumberland County Commissioner. His amended complaint alleges a wide-ranging conspiracy by various City and County officials to keep him off the campaign trail.[1] He alleges that the defendants, among other things: tricked him into missing an August 2019 court hearing, resulting his arrest for failure to appear; subjected him to malicious prosecution for allegedly disrupting an August 2019 Shamokin City Council meeting, causing him to be charged criminally and jailed for several months;[2] set his bail unconstitutionally high; and burned his house down. (See ECF No. 17 at 2–9).[3]

---

[1] The amended complaint names five defendants: (1) the City of Shamokin; (2) Northumberland County; (3) Anthony Matulewicz, the Northumberland County district attorney; (4) Degg Stark, a police detective with the district attorney's office; and (5) Laura James, a secretary with the district attorney's office. (ECF No. 17 at 1). Robinson later filed a "Notice to Court," seeking to add as defendants former Pennsylvania Governor Tom Wolf and current Governor Josh Shapiro. (ECF No. 25 at 2).

[2] Robinson filed a separate § 1983 lawsuit based on his alleged mistreatment while in the Northumberland County Jail awaiting trial. See M.D. Pa. Civ. No. 3:21-cv-1905. The District Court dismissed that case for failure to state a claim, and Robinson did not appeal.

[3] This is not the first time that Robinson has alleged a widespread conspiracy to harm him in retaliation for seeking public office. See Robinson v. Geisinger Hosp., 814 F. App'x 670 (3d Cir. 2020) (affirming dismissal of Robinson's § 1983 complaint that named over 60 defendants).

2

The Magistrate Judge screened Robinson's complained under 28 U.S.C. § 1915(e)(2)(B) and recommended that the District Court dismiss Robinson's complaint for failure to state a claim under 42 U.S.C. § 1983.[4] (ECF No. 23 at 5). The Magistrate Judge also recommended that Robinson not be given leave to amend, reasoning that the facts alleged in the complaint, the exhibits filed with it, and Robinson's extensive history of frivolous litigation would make any amendment futile. (Id. at 4). Additionally, the Magistrate Judge recommended that Robinson's motion for unspecified injunctive relief be denied as moot. (Id. at 5).

After reviewing the Magistrate Judge's report and recommendation and Robinson's objections to it, the District Court adopted the Magistrate Judge's report in its entirety, dismissed the amended complaint with prejudice, and denied Robinson's motion for injunctive relief. (ECF No. 26). Robinson appeals.[5]

II.

We decline to reach the merits of Robinson's case because his appeal brief fails to meaningfully present any issues to us for review. As a pro se appellant, Robinson is afforded liberal construction of his pleadings. See Haines v. Kerner, 404 U.S. 519, 520–

---

[4] Robinson's pleadings do not reference § 1983 by name. Nonetheless, we agree with the District Court's decision to construe Robinson's complaint as attempting to state a claim under that statute, because the essence of his complaint is the alleged violation of his constitutional rights by state and local officials. See Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (in reviewing a dismissal for failure to state claim, the Court of Appeals must interpret a pro se plaintiff's complaint liberally and apply the applicable law even if the plaintiff has not mentioned it by name).

[5] We have jurisdiction under 28 U.S.C. § 1291.

21 (1972). But the failure to raise an issue in an opening brief, even by pro se parties, renders it forfeited. See Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002). This is especially so for experienced pro se litigants like Robinson, who is no stranger to this Court or to the District Court. [6] See Capogrosso v. The Supreme Ct. of New Jersey, 588 F.3d 180, 184 n.1 (3d Cir. 2009) (limiting review to only those issues raised in litigant's appeal brief because appellant was an experienced pro se litigant).

To properly present an issue to the Court for review, a litigant's opening brief must include, among other things: a statement of the issue, the legal argument explaining why the district court decided the issue incorrectly, and the facts and legal authorities supporting that argument. See Fed. R. App. P. 28; L.R. App. P. 28.0. Robinson's brief, by contrast, is essentially just a restatement of his amended complaint. He asserts in conclusory fashion that his complaint states a claim, but he presents no facts, legal authorities, or argument explaining why the District Court's contrary view was erroneous. Therefore, we conclude that Robinson has forfeited review of this and all other issues on appeal. See Higgins v. Bayada Home Health Care Inc., 62 F.4th 755, 763

---

[6] See Robinson v. Northumberland Cnty. Jail, Civil Action No. 3:21-cv-01905, 2022 WL 4227515 (M.D. Pa. Sept. 13, 2022); Robinson v. Geisinger Hosp., Civil Action No. 4:18-cv-989, 2019 WL 4898778 (M.D. Pa. Aug. 7, 2019), report & recommendation adopted by 2019 WL 4885949 (M.D. Pa. Oct. 3, 2019), aff'd per curiam, 814 Fed. App'x 670 (3d Cir. 2020), cert. denied, 141 S. Ct. 631 (2020); Robinson v. Leschinskie, Civil Action No. 4:17-cv-1416, 2018 WL 3487581 (M.D. Pa. June 27, 2018), report & recommendation adopted by 2018 WL 3473970 (M.D. Pa. July 19, 2018); Robinson v. Millbrand, Civil Action No. 4:17-cv-1322, 2018 WL 2709375 (M.D. Pa. May 11, 2018), report & recommendation adopted by 2018 WL 2689583 (M.D. Pa. June 5, 2018); Robinson v. Northumberland Cnty. Children & Youth Servs., Civil No. 4:17-cv-1321, 2018 WL 3323630 (M.D. Pa. Mar. 5, 2018), report & recommendation adopted by 2018 WL 1517072 (M.D. Pa. Mar. 28, 2018).

(3d Cir. 2023) (appellant whose brief made only passing reference to an issue forfeited review of that issue).

## IV. Conclusion

For these reasons, we will affirm the judgment of the District Court. Appellant's outstanding motions are denied.